IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Patrick Stroh, | Civil Action No.: 5:14-cv-394 |
| Plaintiff, | |
| v. | |
| Navient Solutions, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Patrick Stroh, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Patrick Stroh ("Plaintiff"), is an adult individual residing in Dunn, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Navient Solutions, Inc., formerly known as Sallie Mae, ("Navient"), is a Virginia business entity with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6. In or around April of 2014, Navient began calling Plaintiff's cellular telephone, number 520-xxx-3590, in an attempt to reach Plaintiff's wife Megan Stroh, née Holle.

7. At all times mentioned herein, Navient called Plaintiff by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call was transferred to a Navient operator.

9. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

10. Plaintiff does not know how Navient acquired his cellular phone number. Plaintiff did not provide it to Navient.

11. Plaintiff did not provide prior express consent to Navient to place calls to his cellular phone number.

12. Plaintiff did not provide his cell phone number to Navient in connection with an existing debt, nor did his wife provide Plaintiff's cellular number to Navient during the transaction that resulted in the debt.

13. When the calls began, Plaintiff spoke with Navient in an effort to get the calls to stop. Plaintiff informed Navient that his wife was unreachable at his cellular telephone and directed Navient to remove Plaintiff's number from the account and cease all communications with him.

14. Thereafter, despite Plaintiff's request, Navient continued to call Plaintiff at a repeated and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

17. Defendant continued to place automated calls to Plaintiff's cellular telephone using a ATDS knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: Julu 10, 2014

Respectfully submitted,

By: ___/s/ Ruth M. Allen_____

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424